James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IN RE: <br> DINO J. PETRONE and CONNIE L. PETRONE, <br> Debtor(s), | BK-09-32084-led <br> Chapter 7 <br> Appeal Ref 16-55 |
| U.S. BANK, N.A. and PHH MORTGAGE SERVICES <br> Appellant(s) <br> v. <br> SFR INVESTMENTS POOL 1, LLC, <br> Appellee(s). | Case No. 2:16-CV-2885 JCM (JCM) <br><br> ORDER |

Presently before the court is appellee SFR Investments Pool 1, LLC's ("SFR") motion to dismiss. (ECF No. 10). Also before the court is appellee's motion to stay. (ECF No. 11). Appellants U.S. Bank, N.A. ("U.S. Bank") and PHH Mortgage Services ("PHH") filed an objection to both motions, (ECF No. 14), to which appellee replied. (ECF No. 15).

**I.  Background**

The instant appeal is from a bankruptcy order that retroactively annulled an automatic stay. On November 23, 2009, Dino Petrone and Connie Petrone ("debtors") filed a voluntary bankruptcy petition under Chapter 7, case number 09-32084-lbr. (ECF No. 6 at 8). Among the property listed in debtors' schedules was property commonly known as 5670 San Florentine Avenue, Las Vegas, Nevada 89141 ("the property"). (*Id.* at 7–8.)

On December 8, 2009, PHH sought relief from the automatic stay as applied to the property. (*Id.* at 8). The court granted PHH's motion for relief on February 19, 2010. (*Id.*). The

relief from the automatic stay applied to PHH, and did not apply to other parties possessing an interest in the property. (ECF No. 1 at 7).

On March 5, 2010, 14 days after the court granted PHH's motion for relief, Southern Highlands Community Association ("HOA") recorded a notice of delinquent assessment lien against the property through its trustee, Alessi & Koenig ("HOA trustee"). (ECF No. 6 at 9). On June 16, 2010, the HOA, through the HOA trustee, recorded a notice of default and election to sell. (*Id.*). On August 14, 2012, the HOA, through the HOA trustee, recorded a notice of trustee's sale. (*Id.*). On September 24, 2012, the HOA trustee recorded a trustee's deed upon sale, conveying the property to SFR pursuant to a non-judicial foreclosure sale. (*Id.*).

On March 26, 2013, SFR filed a complaint in state court against U.S. Bank, seeking to quiet title as to the property. (ECF No. 10 at 4). Sometime in 2016, U.S. Bank filed a motion for summary judgment on the basis that the HOA foreclosure sale violated the automatic stay in debtors' bankruptcy case. (*Id.* at 5).

On September 1, 2016, SFR filed a motion in bankruptcy court to retroactively annul the automatic stay. (*Id.*). On December 5, 2016, the bankruptcy court entered an order granting retroactive annulment of the automatic stay as applied to the HOA's notice of delinquent assessment lien against the property. (ECF No. 1 at 3–11). U.S. Bank and PHH timely appealed the order. (*Id.* at 1). Neither the debtors nor the bankruptcy trustee appealed the bankruptcy court's order. (ECF No. 10 at 5).

On July 25, 2017, appellee filed a motion to dismiss U.S. Bank and PHH's appeal of the bankruptcy court order. (ECF No. 10).

**II.     Legal Standard**

Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158(a); *In re Rains*, 428 F.3d at 900.

James C. Mahan
U.S. District Judge

- 2 -

"Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order." *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1983). In *Tilley v. Vucurevich* (*In re Pecan Groves of Ariz.*), 951 F.2d 242 (9th Cir. 1991), the court held that "a creditor has no standing to appeal an adverse decision regarding a violation of the automatic stay." *Id.* at 245. The court further held that lienholders "[do] not have standing in a bankruptcy proceeding to challenge actions as violative of the stay." *Id.*

### III. Discussion

In its motion to dismiss, appellee claims that appellants lack standing to appeal pursuant to *In re Pecan Groves*. (ECF No. 10 at 6). Appellants argue that *In re Pecan Groves* is distinguishable on its facts, is premised on outdated law, and has been sharply criticized by other courts. (ECF No. 14).

Appellants lack standing to appeal the order of the bankruptcy court. As related to the bankruptcy of Dino and Connie Petrone, U.S. Bank and PHH were creditors of the estate who held a lien against the property. Neither the trustee nor the debtors appealed the bankruptcy court's order. (ECF No. 10 at 5). This court is bound by the Ninth Circuit's decision in *In re Pecan Groves*. 951 F.2d at 245. As creditors with a lien against property of the estate, U.S. Bank and PHH lack standing to challenge the bankruptcy order. *See id*.

Appellants' arguments against the application of *In re Pecan Groves* to the instant appeal are unpersuasive. Appellant correctly asserts that *In re Pecan Groves* was decided before the Ninth Circuit held in *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992), that acts in violation of the stay were void *ab initio*. *Id.* at 571. However, appellants fail to persuade the court that the holding in *In re Schwartz* makes the instant appeal legally distinguishable from *In re Pecan Groves*. Here, similarly to *In re Pecan Groves*, a creditor is appealing a bankruptcy court order relating to the automatic stay on debtors' property that neither the debtors nor the trustee appealed. The rule articulated in *In re Pecan Groves*, that creditors cannot appeal an adverse decision of the bankruptcy court related to the automatic stay, governs this case. 951 F.2d at 245.

**James C. Mahan**
**U.S. District Judge**

**IV. Conclusion**

Appellants, as creditors who possessed a lien against property of the bankruptcy estate, lack standing to appeal the judgment of the bankruptcy court that retroactively annulled the automatic stay.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that appellee's motion to dismiss the appeal (ECF No. 10), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that appellee's motion to stay the appeal (ECF No. 11), be, and the same hereby is, DENIED as moot.

DATED August 24, 2017.

_____
UNITED STATES DISTRICT JUDGE